UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHANTIK T. SMITH,

                Plaintiff,

        -v.-

C.O. ELIZABETH RODRIGUEZ
(#11691); C.O. TAJ MOORE (#15662);
C.O. LUSIN (#15208); and C.O. JOHN
DOE (#15299),

                Defendants.

25 Civ. 10826 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On December 30, 2025, Plaintiff filed this action *pro se*, seeking to proceed *in forma pauperis* (IFP) and naming as defendants certain officers employed by the New York City Department of Correction — namely, Correction Officer Elizabeth Rodriguez (Shield No. 11691), Correction Officer Taj Moore (Shield No. 15663), Correction Officer Lusin (Shield No. 15208), and Correction Officer John Doe (Shield No. 15299).  Plaintiff alleges that in March 2024, New York City Department of Correction staff denied him recreation, unlawfully strip searched him, and denied him access to worship while he was confined in the Eric M. Taylor Center ("EMTC") on Rikers Island.  He also alleges that on December 15, 2025, Defendants subjected him to an unlawful strip search inside of West Facility on Rikers Island.

At the time Plaintiff filed this action, there was already an action pending on the Court's docket concerning the alleged March 2024 events at EMTC. (*See Smith* v. *City of New York*, No. 25 Civ. 1551 (KPF), Dkt. #1).  In that case,

Plaintiff named as defendants the City of New York, West Facility, Brad Lander, and EMTC. (*Id.*). By Order dated May 22, 2025, this Court dismissed *sua sponte* the claims against all defendants other than the City of New York for failure to state a claim. (*Id.*, Dkt. #8). Defendant City of New York subsequently appeared in the action, indicated its intention to move to dismiss, and responded to the Court's Order under *Valentin* v. *Dinkins*, 121 F.3d 72 (2d Cir. 1997).

This action and the already-pending action under No. 25 Civ. 1551 substantially overlap. The only events covered in this complaint that were not set forth in the complaint in No. 25 Civ. 1551 are the allegations concerning an unlawful strip search inside of West Facility on Rikers Island on December 15, 2025.

In the interests of judicial economy, the Court directs the Clerk of Court to file the complaint in the present action as an amended complaint in *Smith* v. *City of New York*, No. 25 Civ. 1551 (KPF). The Clerk of Court is also directed to add the following defendants in *Smith* v. *City of New York*, No. 25 Civ. 1551 (KPF): Correction Officer Elizabeth Rodriguez (Shield No. 11691), Correction Officer Taj Moore (Shield No. 15663), Correction Officer Lusin (Shield No. 15208), and Correction Officer John Doe (Shield No. 15299). The Court also directs the Clerk of Court to close the action under No. 25 Civ. 10826.

In light of the Court's belief that Plaintiff may have submitted this near-duplicate complaint in error, the Court directs the Clerk of Court not to charge Plaintiff the $350.00 filing fee for this action, and the Warden or

Superintendent having custody of Plaintiff shall not deduct or encumber funds from Plaintiff's prison trust account for this lawsuit.

### CONCLUSION

The Court directs the Clerk of Court to file the complaint in the present action as an amended complaint in *Smith* v. *City of New York,* No. 25 Civ. 1551 (KPF).  The Clerk of Court is also directed to add the following persons to the caption as defendants in *Smith* v. *City of New York*, No. 25 Civ. 1551 (KPF): Correction Officer Elizabeth Rodriguez (Shield No. 11691), Correction Officer Taj Moore (Shield No. 15663), Correction Officer Lusin (Shield No. 15208), and Correction Officer John Doe (Shield No. 15299).  The Court also directs the Clerk of Court to close the action under No. 25 Civ. 10826.

The Court directs the Clerk of Court not to charge Plaintiff the $350.00 filing fee for this action, and the Warden or Superintendent having custody of Plaintiff shall not deduct or encumber funds from Plaintiff's prison trust account for this lawsuit.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal.  *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  January 14, 2026
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

3